UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CHRISTOPHER J. EADS,                :
                                    :
        Petitioner,                 :    Civ. No. 20-14186 (NLH)
                                    :
    v.                              :    OPINION
                                    :
THOMAS E. BERGAMI,                  :
                                    :
        Respondent.                 :
_____ :

APPEARANCES:

Christopher J. Eads
10391-028
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Christopher J. Eads, a prisoner presently confined at FCI Fairton, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 arguing that he is actually innocent of his convictions. ECF No. 1. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

    On December 21, 2011, a grand jury indicted Petitioner on charges of distributing child pornography, 18 U.S.C. § 2252(a)(2); possessing child pornography, 18 U.S.C. §

2252(a)(4)(B); being a felon in possession of a firearm, 18 U.S.C. § 922(g); impersonating a federal agent, 18 U.S.C. § 912; and tampering with a witness, 18 U.S.C. § 1512(b)(1). United States v. Eads, No. 1:11-cr-00239 (S.D. Ind. Dec. 21, 2011) (ECF No. 12). "The district court cautioned him about the perils of self-representation in a criminal trial, but he chose to represent himself anyway." United States v. Eads, 729 F.3d 769, 772 (7th Cir. 2013). "After a four-day trial, the jury convicted Eads on all counts, and the district court sentenced him to 480 months' imprisonment." Id. The United States Court of Appeals for the Seventh Circuit affirmed the convictions and sentence. Id. The Supreme Court denied a writ of certiorari. Eads v. United States, 134 S. Ct. 978 (2014).

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Eads, No. 1:11-cr-00239 (S.D. Ind. July 14, 2014) (ECF No. 192). He claimed ineffective assistance of his pretrial counsel, denial of due process, denial of confrontation rights, and other related claims. Id. The trial court denied the motion, Eads v. United States, 2017 WL 2181134 (S.D. Ind. May 17, 2017), and the Seventh Circuit denied a certificate of appealability, Eads v. United States, No. 17-2193 (7th Cir. Feb. 1, 2018) (ECF No. 20), reh'g denied, Mar. 7, 2018) (ECF No. 22).

Petitioner argues he is actually innocent of his convictions and asserts he is entitled to relief under § 2255's savings clause. ECF No. 1.

II. STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

III. ANALYSIS

Petitioner raises several claims for the Court's consideration: (1) ineffective assistance of pretrial counsel

3

for failing to discover exculpatory evidence; (2) prosecutorial misconduct and ineffective assistance of stand-by counsel; (3) new evidence that "Petitioner submits that a reasonable jury would have found reasonable doubt as to his guilt"; and (4) ineffective assistance of pretrial counsel for failing to obtain a computer forensic expert.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner argues § 2255 is inadequate or ineffective to raise his claims because the "standard for permission to file second or successive § 2255 based upon new evidence is higher than the standard that would be required for a grant of relief in a habeas corpus petition under § 2241." ECF No. 1 at 9. He claims to have obtained exculpatory evidence "including business records reliably placing him far from his home and computer on

4

dates that he was supposedly in his living room downloading pornography using an IP address associated with that geographical location." Id. at 7.

Prisoners in the Third Circuit may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).

Petitioner cannot satisfy either requirement. Petitioner's claims are based on new and allegedly exculpatory evidence, not a change in statutory caselaw. "Congress provided that any newly discovered evidence . . . which by definition was not available to petitioner when the first § 2255 petition was adjudicated, may form the basis of a second petition provided it passes the screening of § 2255(h)(1) as determined by the Court of Appeals." Balter v. United States, No. CR 93-536, 2019 WL 959694, at *3 (D.N.J. Feb. 27, 2019), aff'd, No. 19-1489, 2021 WL 2182039 (3d Cir. May 28, 2021). Moreover, most of his claims

5

were addressed either on direct appeal or during his § 2255 proceedings. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.[1] Accordingly, this Court lacks jurisdiction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this habeas petition to

---

[1] Petitioner ends his motion with a statement that the Court's failure to exercise jurisdiction under § 2241 would violate the Suspension Clause, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art I, § 9. "It is, of course, well established that requiring a federal prisoner to pursue post-conviction relief in the trial court under § 2255, rather than in a habeas proceeding under § 2241, where that remedy is adequate and effective does not constitute a suspension of the writ." United States v. Brooks, 245 F.3d 291, 292 n.2 (3d Cir. 2001) (citing United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953)). "[T]he gatekeeping provisions that limit § 2255 motions do not violate the Suspension Clause." Rothwell v. Shartle, No. 14-7128, 2015 WL 759216, at *2 (D.N.J. Feb. 23, 2015) (citing cases).

the Seventh Circuit for consideration because it does not appear that Petitioner can meet the standard for filing a second or successive § 2255 motion.  However, nothing in this Opinion and Order should be construed as preventing Petitioner from filing such a request in the Seventh Circuit himself should he so choose.

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for lack of jurisdiction.  An appropriate order will be entered.


Dated: July 9, 2021                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.